· Moulton agt. Beecher.

# SUPREME COURT.

## FRANCIS D. MOULTON agt. HENRY WARD BEECHER.

*Extra allowance.*

A demurrer to a complaint is the interposition of a defense, and is sufficient within the meaning of section 309 of the Code to entitle a defendant in a proper case to an extra allowance.

The motion for an extra allowance in this case was pending when the bill of costs was served, and defendant's attorney insisted that the costs, if to be paid, would be received only on condition that the pending motion for an extra allowance should not be prejudiced. Plaintiff's attorney thereupon tendered the same unconditionally, and left the amount on the table in the office of defendant's attorney:

*Held*, that there had not been such a final adjustment of costs as to preclude the motion for an extra allowance (*Affirming S. C. at Special Term*, 52 *How.*, 230).

*First Department, General Term, May,* 1877.

APPEAL from order of special term, granting additional allowance.

This action was brought for malicious prosecution. The defendant demurred to the complaint. This demurrer was sustained at special term. On appeal to the general term, the order sustaining the demurrer was reversed and leave was given to the defendant to answer. The defendant thereupon answered the complaint, and upon the issue thus joined moved at special term, in Kings county, for an order changing the place of trial, which was laid in the complaint in the county of Kings. While that motion was pending and before its decision, the plaintiff amended his complaint by changing the place of trial stated therein from Kings county to the city

and county of New York. The special term of Kings county thereupon ordered the motion to change the place of trial to be heard in the city and county of New York, where the same was afterwards heard, and an order was subsequently made changing the place of trial to the county of Delaware. The plaintiff thereupon obtained an *ex parte* order at general term in Kings county ordering that the action be discontinued on payment by plaintiff of defendant's costs, to be taxed, and served a copy thereof, with notice requesting the defendant's attorney to procure the costs therein to be taxed, and offering to pay the taxable costs pursuant to the order of discontinuance. After the service of this order and notice, defendant served an amended answer, which was returned by the plaintiff's attorney, on the ground that the action had been discontinued. The defendant gave notice of this motion for an additional allowance of costs, and served a bill of costs, with notice of taxation of the same by the clerk. The amount of this bill of costs was immediately offered by the plaintiff's attorney to the defendant's attorney, who refused to receive the same except without prejudice to the pending motion for an extra allowance. The plaintiff's attorney thereupon tendered the same unconditionally, and left the amount on the table in the office of defendant's attorney. The motion for an additional allowance was heard at special term, and the sum of $250 was granted.

*Roger A. Pryor*, for appellant.

*Thomas G. Shearman*, for respondent.

DAVIS, *P. J.* — The court concurs with the court below that there had not been such a final adjustment of costs as to preclude the motion for an additional allowance, and is also of the opinion that it is a proper case for an extra allowance. The case had been at issue twice, once by demurrer, and that issue had been displaced by the decision of the general term,

and the service of the answer allowed by such decision. The service of the answer made an issue of fact, and upon that issue the motion to change the place of trial was made and granted. If that issue was destroyed by the service of a complaint amended merely as to the place of trial, nevertheless the fact that the issue had existed in the case and been made the basis by the court of the order changing the place of trial is not taken out of the case. It is not necessary to decide whether the service of the answer to the amended complaint before the notice of this motion, and before the payment of costs, under the order of discontinuance, was a joinder of issue in the case. There had already been issues, we think, sufficient to be the basis of the motion for an extra allowance under section 309 of the Code. In this case a defense had been interposed within the meaning of the Code, and the case is shown to have been a difficult and extraordinary one.

Order affirmed, with costs.

BRADY and DANIELS, JJ., concurred.